**ADVANCED ANALYTICS, INC., Plaintiff,**

v.

**CITIGROUP GLOBAL MARKETS, INC., et al., Defendants.**

**No. 04CIV3531–LTS–HBP.**

United States District Court, S.D. New York.

Signed July 15, 2014.

---

Steve W. Berman, Hagens Berman Sobol Shapiro LLP (Seattle), Seattle, WA, Todd S. Collins, Charles Pearsall Goodwin, Neil Mara, Jacob M. Polakoff, Berger & Montague, P.C., Philadelphia, PA, Jim L. Flegle, Loewinsohn Flegle Deary, LLP, Dallas, TX, John Stephen Goetz, Fish & Richardson P.C. (NYC), New York, NY, Sean R. Matt, Hagens & Berman, Seattle, WA, Russell David Munves, Storch Amini & Munves, P.C., New York, NY, Young Jin Park, Kirkland & Ellis LLP (NYC), New York, NY, Lili R. Sabo, Whatley Kallas LLP (NYC), New York, NY, Robert Andrew Skirnick, Meredith Cohen Greenfogel & Skirnick, New York, NY, for Plaintiff.

Lawrence B. Friedman, Cleary Gottlieb, New York, NY, Christopher P. Moore, Jennifer Kennedy Park, Cleary Gottlieb Steen & Hamilton, LLP (NYC), New York, NY, for Defendants.

### MEMORANDUM ORDER

LAURA TAYLOR SWAIN, District Judge.

Plaintiff Advanced Analytics, Inc. ("Plaintiff") objects to Magistrate Judge Henry B. Pitman's Orders of March 26, 2014 (the "March 26 Order") and May 7, 2014 (the "May 7 Order"). Judge Pitman's March 26 Order granted the motion of Defendants Citigroup Global Markets, Inc. and the Yield Book, Inc. ("Defendants") to strike the fourth declaration of Plaintiff's expert Jianqing Fan ("Fourth Fan Declaration") and certain new exhibits (except that Plaintiff was permitted to use an excerpt of the Declaration for a limited purpose) and awarded Defendants one-half of their expenses incurred in connection with the motion. Judge Pitman's May 7 Order denied Plaintiff's motion for clarification or reconsideration of the March 26 Order. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332. The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Plaintiff's objections are overruled. Judge Pitman's March 26 and May 7 Orders will stand.

### BACKGROUND

The factual background of this case has been discussed in prior orders of the Court; the parties' familiarity with them is assumed.[1] Plaintiff alleges that Defendants misappropriated number sequences developed by Plaintiff's principal, Xialu Wang, which were then incorporated into a software product ("the Yield Book") or used to create new sequences of numbers for use in the Yield Book. Back in 2012, two months after Plaintiff's discovery deadline, Plaintiff at-

---

1. *See, e.g., Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.,* No. 04CIV3531–LTS–HBP, 2013 WL 489061 (S.D.N.Y. Feb. 8, 2013); *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.,* No. 04CIV3531–LTS–HBP, 2010 WL 4780772 (S.D.N.Y. Nov. 22, 2010).

tempted to submit a reply report by Dr. Fan ("Fan Reply") and requested additional discovery, arguing that Defendants had produced fake sequences and otherwise tampered with, falsified or withheld evidence. Defendants moved to strike the Fan Reply and Plaintiff's discovery request and Judge Pitman granted those motions. Plaintiff then filed objections to Judge Pitman's orders and the Court overruled the objections in its February 8, 2013 Order. *See Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, No. 04CIV3531–LTS–HBP, 2013 WL 489061 (S.D.N.Y. Feb. 8, 2013).

On April 5, 2013, Defendants moved for summary judgment and to exclude Dr. Fan's prior expert submissions and on June 6, 2013, Plaintiff served its opposition to both motions with the 91–page Fourth Fan Declaration. (*See* March 26 Ord. at 5–6.) Defendants subsequently moved to strike the Fourth Fan Declaration, arguing that it was served nearly a year after the close of discovery in violation of Federal Rule of Civil Procedure 26 and the schedule set by Judge Pitman and that it incorporated and relied upon the previously-stricken Fan Reply Report. Defendants also requested that Judge Pitman award them reasonable expenses and attorneys' fees incurred in connection with the motion. Judge Pitman's March 26 Order granted Defendants' motion except to the extent that Plaintiff sought to use paragraphs 257–73 of the Fourth Fan Declaration to oppose Defendants' Rule 702/*Daubert*[2] motion, granted Defendants' motion to strike Exhibits WW, CCC and SSS to the Fourth Fan Declaration (three newly created exhibits) and awarded Defendants one-half of their expenses, including reasonable attorney's fees and costs. (*See* March 26 Order at 37–38.)

Plaintiff moved for reconsideration or clarification of the March 26 Order, arguing that it should be permitted to use the Fourth Fan Declaration to impeach certain testimony of-

fered by Defendants. Judge Pitman denied the motion, finding that it was "procedurally defective" as a motion for reconsideration because it "[did] not identify any controlling factual or legal matters" that had been overlooked and that Defendants' testimony could only be impeached by the Fourth Fan Declaration if the fact finder credited Dr. Fan's opinions on the merits of Plaintiff's allegations, an outcome precluded by the March 26 Order. (*See* May 7 Order at 2, 4–6.)

### DISCUSSION

When a party submits objections to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir.2004) (internal quotation marks and citation omitted).[3] An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knitting Fever, Inc. v. Coats Holding Ltd.*, No. 05CIV1065–DRH–MLO, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted). This standard of review is "highly deferential;" "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 512 (S.D.N.Y.2013) (internal quotation marks and citation omitted).

### Objections to March 26 Order

In his March 26 Order, Judge Pitman found that the Fourth Fan Declaration was

---

**2.** *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**3.** Plaintiff's argument that the Court should review Judge Pitman's March 26 Order *de novo* is unavailing, as the Order did not dispose of any claims and concerns only whether an expert re-

port should be admitted. *See, e.g., RMed Int'l Inc. v. Sloan's Supermarkets, Inc.*, No. 94CIV5587–PKL–RLE, 2000 WL 420548, at *2, n. 1 (S.D.N.Y. Apr. 18, 2000) ("[a] decision to admit or exclude expert testimony is considered 'nondispositive' of the litigation").

served in violation of his scheduling order and that it expressly relied on and incorporated the stricken Fan Reply. Plaintiff argues that Magistrate Judge Pitman erred in precluding the Fourth Fan Declaration because the delay in its submission was substantially justified as key elements of the information were made available only after the discovery deadline and the only harm suffered by Defendants was "the need for time to prepare to meet the testimony." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir.1988). Plaintiff also argues that excluding the Declaration is a drastic remedy, especially because Defendants could have cured the prejudice by requesting more discovery and that the Declaration is critical because it explains how Defendants stole and use Plaintiff's sequences and how Defendants committed fraud. Plaintiff contends that the Fan Reply was only used to support certain of the Declaration's conclusions and to impeach defense testimony and so does not violate the Court's previous Order precluding its use.

Under Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(iii), Dr. Fan was required to include in his expert reports "a complete statement of all [his] opinions;" "the basis and reasons for them;" "the facts or data considered by [him] in forming them;" and any exhibits relating to them. *See also Sandata Techs., Inc. v. Infocrossing, Inc.*, Nos. 05CIV09546–LMMTHK, 06CIV01896–LMM–THK, 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) ("[i]t should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought"). Judge Pitman carefully considered the Fourth Fan Declaration and determined that the analysis and conclusions in the Declaration were new and not within the scope of Dr. Fan's prior submissions. (*See* March 26 Order at 22–23.) Judge Pitman also found that the Fourth Fan Declaration was "based entirely on materials that have been in AAI's possession for well over a year [and] some materials have been in its possession for nearly seven years." (March 26 Order at 26.) Accordingly, Judge Pitman determined that the Fourth Fan Declaration was an attempt to articulate

a "'wholly new and complex approach' [that] is unquestionably 'designed to fill a significant and logical gap' in Dr. Fan's past reports" (*id.* at 23 (quoting *Point Prods. A.G. v. Sony Music Entm't Inc.*, No. 93CIV4001–NRB, 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2009)) and thus constituted a violation of Rule 26. *See also Morritt v. Stryker Corp.*, No. 07CIV2319–RRM–RER, 2011 WL 3876960, at *5 (E.D.N.Y. Sept. 1, 2011) ("[c]ourts will not admit supplemental expert evidence following the close of discovery when it expound[s] a wholly new and complex approach ... as doing so would eviscerate the purpose of the expert disclosure rules") (internal quotation marks and citations omitted).

Under Federal Rule of Civil Procedure 16 and pursuant to the Court's "inherent authority to manage proceedings before [it] and to impose sanctions in respect of conduct violative of scheduling orders and wasteful of the time of the Court and opposing counsel," a magistrate judge can properly sanction a party. *Dallas v. Goldberg*, No. 95CIV9076–LTS–RLE, 2003 WL 22872325, at * 1 (S.D.N.Y. Dec. 5, 2003). To determine whether preclusion is an appropriate sanction, courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir.2006) (internal quotation marks and citation omitted, alterations in original).

As for the first factor, once again, Plaintiff argues that its late disclosure was caused by Defendants' fraud, but Judge Pitman reviewed and considered Plaintiff's claims on this issue and determined that there was no evidence of fraud. Similarly, Judge Pitman properly rejected Plaintiff's assertion that the delay was caused by the complexity of the materials produced in the case because the materials and deposition testimony upon which the Fourth Fan Declaration is based had been in Plaintiff's posses-

sion for at least a year. (*See* March 26 Order at 25–26.) The second factor—the importance of the precluded testimony—is, at best, neutral and Plaintiff does not identify any clear error by Judge Pitman or misapplication of the law. With respect to the third factor, Judge Pitman found that permitting the Fourth Fan Declaration would result in severe prejudice to the Defendants. The fact that Dr. Fan relied on some of the Defendants' documents, deposition or codes does not mitigate the prejudice. Judge Pitman also found that the fourth factor—the possibility of a continuance—weighed in favor of preclusion. Plaintiff argues that no continuance is necessary if Defendants respond to the Fourth Fan Declaration without deposing Dr. Fan, but that proposition runs contrary to basic discovery principles. Accordingly, as Plaintiff has not identified any clear error or misapplication of the law and the Court does not find any, it overrules Plaintiff's objection to Judge Pitman's ruling that the only portion of the Fourth Fan Declaration that Plaintiff can use is Section G, paragraphs 257–73, in response to Defendants' Rule 702/*Daubert* motion.

*Fan Declaration in Support of a Motion for Sanctions*

■ Plaintiff also objects to Judge Pitman's ruling that it cannot use the Fourth Fan Declaration in support of a motion for sanctions because the proposed motion was "grossly untimely." (March 26 Order at 35.) As Judge Pitman explained, the first phase of discovery ended in January 2008, then discovery was reopened in February 2011 with respect to two discrete areas, and closed again in July 2012. Accordingly, the time for making a motion based on Defendants' alleged discovery violations had passed when Plaintiff first served the Fourth Fan Declaration on Defendants' on or about June 4, 2013. (*See* March 26 Order at 35.) Moreover, the majority of Plaintiff's discovery complaints are based on issues that arose before discovery closed for the first time more than six years ago. Defendants further contend that they provided all of the sequences to Plaintiff in two productions, in July 2007 and September 2007, and that they produced all of the relevant code in May 2005. (*See* Ex. 9 (Defs'

July 16, 2007 Letter to Plaintiff); Ex. 10 (Defs' Sept 7, 2007, Letter to Plaintiff); Ex. 5 (Defs' May 26, 2005, Letter To Plaintiff)). To the extent that Plaintiff believed it had a valid basis to complain about Defendants' sequences or their relationship to Defendants' code, it had sufficient time to do so earlier. Accordingly, Judge Pitman properly concluded that Plaintiff cannot show good cause to make a sanctions motion at this late date.

*Award of Attorneys' Fees and Costs*

■ Plaintiff further argues that the Court should reverse the Order regarding the award of attorney's fees and costs to Defendants because the Fourth Fan Declaration was put forth in good faith and substantially justified. As Judge Pitman noted, Federal Rules of Civil Procedure 16(f) and 37(c) give the court the authority to order the payment of reasonable expenses, including attorneys' fees, as a consequence for filing an expert report in violation of a schedule ordered by the court. Judge Pitman found that Plaintiff had violated his scheduling order after both Judge Pitman and the undersigned had made clear to the Plaintiff when striking its first untimely expert report, the Fan Reply Report, that such submissions could not be made after the close of discovery when based on information available to the expert prior to the deadline for disclosures. The Court finds no basis for Plaintiff's assertion that it acted in a "diligent fashion" and submitted the declaration "as quickly as [it was] able to do so." (Obj. at 22–23.) Moreover, Judge Pitman's assessment that Plaintiff's incorporation of the previously-stricken Fan Reply into the Fourth Fan Declaration was duplicitous is reasonable. Accordingly, Judge Pitman's Order that Plaintiff and its counsel shall reimburse Defendants for one-half of any expenses, including reasonable attorney's fees and costs will also stand.

*Objections to May 7 Order*

■ Plaintiff also objects to Judge Pitman's May 7 Order on Plaintiff's reconsideration motion, arguing that it is clearly erroneous and contrary to law. The March 26

**53**

Order provided that the Fourth Fan Declaration could not be used to oppose Defendants' pending motion for summary judgment "with respect to the merits of the case" because of its unjustified late disclosure. (March 26 Order at 31.) Plaintiff moved for reconsideration, contending that if the Fourth Fan Declaration was to be used solely for impeachment purposes under Federal Rule of Civil Procedure 26(a)(3)(A), it did not have to be disclosed. In its motion for reconsideration, Plaintiff relied on *Wegener v. Johnson,* 527 F.3d 687, 691 (8th Cir.2008), where the court held that "Rule 26 does not require the disclosure of evidence used solely for impeachment purposes." Judge Pitman first found that Plaintiff's motion was procedurally defective, as it did not identify any new facts or controlling precedent that the March 26 Order overlooked. *See Quinn v. Altria Group Inc.,* 07CIV8783–LTS–RLE, 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008) ("[a] movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice"). Judge Pitman further disagreed with Plaintiff's interpretation of *Wegener* and found that, because Plaintiff proposed use of the Fourth Fan Declaration was to contradict Defendants' witnesses on the merits of the case, a strategy the success of which was dependent on a fact finder crediting Dr. Fan's opinions on the merits of Plaintiff's claims, Plaintiff's use was inconsistent with the purpose of impeachment by contradiction—*i.e.,* attacking a witness' credibility. Judge Pitman thus denied Plaintiff's motion. Judge Pitman's determination regarding the nature of the proffered testimony, and his determination that the Fourth Declaration did not constitute impeachment testimony exempt from pretrial disclosure under Rule 26(a)(3) is neither clearly erroneous nor contrary to law.

The Court has reviewed all of Plaintiff's arguments and finds none of them meritorious. Accordingly, the Court finds that Plaintiff fails to identify any clear error or erroneous application of the law by Judge Pitman with regards to the May 7 Order and the Court overrules Plaintiff's objections as to that Order.

*CONCLUSION*

For the foregoing reasons, the Court overrules Plaintiff's objections in their entirety. Judge Pitman's March 26, 2014 and May 7, 2014 Orders will stand. The case remains referred to Magistrate Judge Pitman for general pretrial management and for a Report and Recommendation concerning summary judgment motion practice.

SO ORDERED.